IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02725-KLM-CBS

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

DBHC LLC, d/b/a RMC International, Inc.,
DENNIS RICHARDSON, individually,

    Defendants.

## ORDER ENTERING CONSENT INJUNCTION

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's [Unopposed] Motion for Entry and Approval of Consent Injunction [Docket No. 22; Filed May 30, 2008] (the "Motion") and the proposed Consent Injunction signed by all parties [Docket No. 22-2]. The parties have settled the above-captioned case and have stipulated to entry of a permanent injunction. Given the parties' agreement, and following the Court's review, entry of the proposed Consent Injunction is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this injunction be, and each of them hereby are, permanently enjoined and restrained from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 *et seq.*), hereinafter called the FLSA, in any of the following manners:

(1) Defendants shall not, contrary to §§ 6 and 15(a)(2) of the FLSA, fail to pay to

their non-exempt employees engaged in commerce or the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, wages at rates not less than $5.85 an hour, or any rate subsequently made applicable by amendment to the FLSA, for every hour worked by Defendant's employees;

(2) Defendants shall not, contrary to §§ 7 and 15(a)(2) of the FLSA, employ any employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed; and

(3) Defendants shall not, contrary to §§ 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations issued and from time to time amended pursuant to § 11(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

Pursuant to their stipulation, the parties agree that Defendants owe 12 employees $6,551.84 in unpaid minimum wage compensation and 9 employees $1,339.37 in unpaid overtime compensation for the pay periods from November 20, 2005 to March 16, 2008.

IT IS FURTHER **ORDERED** that:

(4)(a) Defendants are hereby restrained from continuing to withhold $6,551.84 in unpaid minimum wage compensation and $1,339.37 in unpaid overtime compensation due

their employees;

(4)(b) Defendants shall pay these back wages by issuing a cashier's check in the amount of $7,891.21 by no later than July 1, 2008. The check shall be made payable to "U.S. Dept. of Labor -Wage-Hour" and shall be mailed to the United States Department of Labor, Wage and Hour Division, 525 South Griffin Street, Suite 800, Dallas, Texas 75202;

(4)(c) If the payment is more than five (5) days late, Defendants will be in default. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates, and collection costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134);

(4)(d) Upon receipt of the back wages, Plaintiff will compute the tax deductions, consisting of federal income tax withholding (to be deducted at the lump sum rate of 28%) and the employee's share of the social security (F.I.C.A.) tax, provide an itemization thereof, and distribute the monies to the employees or their legal representatives as their interests may appear. Defendants acknowledge that they are separately and additionally responsible for the employer's share of the social security (F.I.C.A.) tax with regard to each employee; and

(4)(e) Upon timely receipt of all the back wages from Defendants, as aforesaid, Plaintiff shall file a certificate with the Clerk that said check has been received.  Any sums which cannot be distributed to the employees, or to their personal representatives because of the inability of either Plaintiff or Defendants to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by the Plaintiff in a special deposit account to be paid to the rightful employee.  If such sums are not claimed by the employee (or a personal representative of the employee) within three years, Plaintiff shall

deposit them into the United States Treasury as miscellaneous receipts.

IT IS FURTHER **ORDERED** that this case is otherwise dismissed with prejudice and all parties to this proceeding will bear their own respective costs and attorneys' fees.

Dated: June 2, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix